# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No.: 6:15-cv-3355<br>) |
| GRISHAM FARM PRODUCTS, INC., | )<br>) |
| Defendant. | ) |

## ANSWER OF DEFENDANT GRISHAM FARM PRODUCTS, INC.

COMES NOW Defendant Grisham Farm Products, Inc. and for its answer to the Complaint, responds as follows:

### PARTIES

1. Upon information and belief Defendant admits the allegations of Paragraph 1.

2. Defendant admits the allegations of Paragraph 2.

### JURISDICTION AND VENUE

3. Upon information and belief Defendant admits the statement of jurisdiction set forth in Paragraph 3. All remaining allegations are denied.

4. Upon information and belief Defendant admits that venue is appropriate within this judicial district.

### ALLEGATIONS APPLICABLE TO ALL COUNTS

5. Defendant admits that on November 1, 2013 it purchased a workers' compensation and employer's liability insurance policy from Plaintiff. Defendant asserts that the agreement between the parties resides within the language of the Insurance Policy which speaks for itself. All remaining allegations of Paragraph 5 are denied.

6. Defendant asserts that the terms, conditions and agreements of the Insurance Policy reside within the language of the policy which speaks for itself. All remaining allegations of Paragraph 6 are denied.

7. Defendant asserts that the terms, conditions and agreements of the Insurance Policy reside within the language of the policy which speaks for itself. All remaining allegations of Paragraph 7 are denied.

8. Paragraph 8 sets forth certain excerpts of the Insurance Policy at issue. Defendant asserts that the Insurance Policy language speaks for itself and that the excerpts provided by Plaintiff in Paragraph 8 are out of context and are incomplete as presented. Defendant denies all allegations of Paragraph 8.

9. Defendant admits that it entered into a Deductible Security Agreement on or about November 1, 2013 with Great American Insurance Company. Defendant admits that it provided a $219,000 line of credit from Home Pride Bank. Defendant asserts that the Security Agreement speaks for itself and is the best evidence of the terms and agreements between the parties. All remaining allegations of Paragraph 9 are denied.

10. Defendant asserts that the terms, conditions and agreements of the Insurance Policy reside within the language of the policy which speaks for itself. All remaining allegations of Paragraph 10 are denied.

11. Defendant asserts that the terms, conditions and agreements of the Insurance Policy reside within the language of the policy which speaks for itself. All remaining allegations of paragraph 11 are denied.

12. Defendant is without sufficient information and knowledge as to form a belief as to the allegations of Paragraph 12 of the complaint and accordingly denies the same.

13.     Defendant admits that it paid to Plaintiff approximately $311,123 in premiums for the Insurance Policy at issue.

14.     Defendant asserts that the terms, conditions and agreements of the Insurance Policy reside within the language of the policy which speaks for itself. All remaining allegations of Paragraph 14 are denied.

15.     Defendant admits that the Plaintiff performed an audit in January 2015 and demanded an additional $90,058 from Defendant in premiums. All remaining allegations of Paragraph 15 are denied. For further answer, Defendant states the audit was performed incorrectly and Plaintiff's auditors improperly changed the employment designation and classification of certain of Defendant's employees without any basis or justification for doing so, thereby artificially and improperly inflating the insurance policy premiums owed.

16.     Defendant is without sufficient information and knowledge as to the allegations of Paragraph 16 and accordingly denies the same.

17.     Upon information and belief Defendant admits the allegations of Paragraph 17.

18.     Defendant denies the allegations in Paragraph 18.

19.     Defendant admits that Plaintiff drew down the $219,000 line of credit Defendant provided. All remaining allegations of Paragraph 19 are denied.

20.     Defendant admits that Plaintiff sent a demand letter on or about May 27, 2015 asking for additional premiums and reimbursements. Defendant further states that the May 27, 2015 letter speaks for itself. All remaining allegations of Paragraph 20 are denied.

21.     Defendant admits the allegations of Paragraph 21.

22.     Defendant denies the allegations of Paragraph 22.

## COUNT I
## BREACH OF CONTRACT
## (FAILURE TO PAY PREMIUM OWED)

23. Defendant incorporates its responses to Paragraph 1 through 22 as if fully set forth herein.

24. Defendant admits the allegations of Paragraph 24.

25. Defendant asserts that the Insurance Policy at issue speaks for itself as best evidence as to the terms and agreements between the parties. All remaining allegations of Paragraph 25 and its subparts are denied.

26. Defendant denies Paragraph 26 and subparts thereto.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies all allegations of Paragraph 28.

WHEREFORE, having fully responded to Count I of Plaintiff's complaint, Defendant hereby requests judgment in its favor and for an award of any attorney fees and costs allowed by contract or statute.

## COUNT II
## BREACH OF CONTRACT
## (FAILURE TO REIMBURSE FOR CLAIMS PAID
## WITHIN THE PER ACCIDENT DEDUCTIBLE)

29. Defendant incorporates its responses to Paragraphs 1 through 28 as if set forth fully herein.

30. Defendant admits the allegations of Paragraph 30.

31. Defendant asserts that the Insurance Policy at issue best sets forth the terms and agreements among the parties and speaks for itself. Defendant denies the allegations of Paragraph 31 and each subpart thereto.

32. Defendant denies the allegations of Paragraph 32 and each subpart thereto.

33. Defendant denies the allegations of Paragraph 33.

34. Defendant denies the allegations of Paragraph 34.

WHEREFORE, having fully responded to Count II of Plaintiff's complaint, Defendant hereby requests judgment in its favor and for an award of any attorney fees and costs allowed by contract or statute.

## COUNT III
## BREACH OF CONTRACT
## (FAILURE TO REPLENISH COLLATERAL)

35. Defendant hereby incorporates its responses to Paragraphs 1 through 34 as if fully set forth herein.

36. Defendant admits the allegations of Paragraph 36.

37. Defendant is without sufficient information or knowledge as to the allegations of Paragraph 37 and accordingly denies the same.

38. Defendant asserts that the terms of the security agreement at issue best set forth the terms and agreements between the parties and speaks for itself. Accordingly all allegations of Paragraph 38 and the subparts thereto are denied.

39. Defendant denies the allegations of paragraph 39 and each subpart thereto.

40. Defendant denies the allegations of Paragraph 40.

41. Defendant denies the allegations of Paragraph 41.

WHEREFORE, having fully responded to Count III of Plaintiff's complaint, Defendant hereby requests judgment in its favor and for an award of any attorney fees and costs allowed by contract or statute.

# COUNT IV
# BREACH OF CONTRACT
# (FAILURE TO TIMELY REPORT CLAIMS)

42. Defendant hereby incorporates its responses to Paragraphs 1 through 41 as if fully set forth herein.

43. Defendant asserts that the obligations and requirements for the parties under the Insurance Policy are best set forth by the language of the Insurance Policy itself and accordingly denies the allegations of Paragraph 43.

44. Defendant asserts that the obligations and requirements for the parties under the Insurance Policy are best set forth by the language of the Insurance Policy itself and accordingly denies the allegations of Paragraph 44.

45. Defendant admits the allegations of Paragraph 45. For further answer, Defendant asserts that Defendant timely reported the injury of the employee at issue in accordance with instructions provided by Plaintiff and the custom and practice established by Plaintiff with Defendant for the reporting of claims.

46. Defendant denies the allegations of Paragraph 46.

47. Defendant denies the allegations of Paragraph 47 and affirmatively states that it notified Plaintiff of the employee's injuries immediately upon employee making a claim of workplace injury.

48. Defendant is without sufficient information or knowledge as to the allegations of Paragraph 48 and denies the same.

49. Defendant denies the allegations of Paragraph 49.

50. Defendant denies the allegations of Paragraph 50.

WHEREFORE, having fully responded to Count IV of Plaintiff's complaint, Defendant hereby requests judgment in its favor and for an award of any attorney fees and costs allowed by contract statute.

### COUNT V
### DECLARATORY RELIEF
### (FAILURE TO TIMELY REPORT CLAIMS)

51. Defendant hereby incorporates its responses to Paragraphs 1 through 50 as if fully set forth herein.

52. Defendant asserts that the obligations and requirements for the parties under the Insurance Policy are best set forth by the language of the Insurance Policy itself and accordingly denies the allegations of Paragraph 52.

53. Defendant asserts that the obligations and requirements for the parties under the Insurance Policy are best set forth by the language of the Insurance Policy itself and accordingly denies the allegations of Paragraph 53.

54. Defendant denies the allegations of Paragraph 54 and states further that the subject employee initially stated to Defendant that his injuring did not arise from his employment by Plaintiff, and only reported it as an injury arising out of his employment with Defendant months later, at which time Defendant timely reported the same to Plaintiff.

55. Defendant denies the allegations of Paragraph 55.

56. Defendant denies the allegations of Paragraph 56.

57. Defendant denies the request for relief set forth in Paragraph 57 and further denies any allegations purportedly set forth in Paragraph 57.

WHEREFORE, having fully answered Plaintiff's complaint, Defendant requests judgment in its favor and for an award of all attorney fees and costs allowed by any contract or statute.

## AFFIRMATIVE DEFENSES

1.       Plaintiff's Complaint fails to fully set forth claims upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6).

2.       Plaintiff's post-term audit for insurance premiums and aggregate limits was improperly conducted in that Plaintiff's auditors reclassified certain of Defendant's employees without any justification or basis for doing so which resulted in artificially increased premiums to the Defendant.

3.       Plaintiff's audit adjustment for the aggregate deductible limit upward from $365,000 to $451,786 was unsubstantiated and without any proper basis in that the adjustment relied on arbitrary reclassification of Defendant's employees by Plaintiff's auditors.  Defendant has paid over $362,402 against the aggregate limit of $365,000 agreed upon by the parties.

4.       Defendant has promptly notified Plaintiff of each and every work related injury suffered by its employees upon Defendant becoming aware of the work related injuries.

5.       With regard to Counts II and III, pursuant to the provisions of Section 287.150 RSMo., Plaintiff had, and continues to have, an affirmative statutory duty to diligently pursue all subrogation rights of the employer in seeking the recovery of any sums Plaintiff may have paid for claims under the terms of the policy referred to in Plaintiff's Complaint, and Plaintiff has breached such duties and the terms of the Policy in failing to diligently pursue such subrogation rights.

6.       Any claim asserted by Plaintiff under Count II of its Complaint, and any recovery thereunder, is and should be offset by the amounts paid or payable as subrogation rights under Section 287.150 RSMo with respect to each claim allegedly paid by Plaintiff, including any amounts Plaintiff or Defendant would have recovered if Plaintiff has timely asserted all subrogation rights available under Section 287.150 RSMo.

7. Plaintiff, by its own actions and conduct referred to Count III has unnecessarily withdrawn the security referred to in the subject Security Agreement prior to fulfilling its obligations to seek subrogation under Section 287.150 RSMo., and has thereby created the conditions which Plaintiff alleges to constitute a breach of the Security Agreement, as a result of which Plaintiff is, and should be, barred and estopped from asserting any claim set forth in Count III of Plaintiff's Complaint.

8. Pursuant to the provisions of Section 287.150 RSMo., Plaintiff had, and continues to have an affirmative duty to diligently pursue all subrogation rights of the employer for the recovery of amounts paid by Plaintiff under the terms of the Policy referred to in Plaintiff's Petition, which Plaintiff has failed and continues to fail to do. Instead, Plaintiff, in bad faith, prematurely drew upon the security provided by Defendant pursuant to the Security Agreement referred to in Plaintiff's Petition, as a result of which Plaintiff initially breached the subject Policy and the Security Agreement excusing any further performance by Defendant thereunder and barring any claim by Plaintiff thereunder.

9. With regard to Count IV, Defendant timely reported the subject claim in the manner instructed by Plaintiff and in accordance with the custom and practice established by Plaintiff for the reporting of claims, such that any damage Plaintiff may have sustained in the delay in investigating and adjusting the claim was the result of Plaintiff's own acts and omissions and not those of this Defendant, such that Plaintiff is, and should be barred and estopped from asserting the claim referred to in Count IV of Plaintiff's Complaint.

10. Plaintiff has failed to mitigate its damages due to its delay in adjusting and investigating the claim referred to in Count IV after Defendant reported the same.

Respectfully submitted,

LATHROP & GAGE LLP

By: /s/Joseph L. Johnson
Joseph L. Johnson     Mo. Bar #45456
Joshua Christensen    Mo. Bar #63759
910 E. St. Louis Street
Suite 100
Springfield, MO 65806-2523
Telephone: (417) 886-2000
Facsimile:  (417) 886-9126

**ATTORNEY FOR DEFENDANT
GRISHAM FARM PRODUCTS, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a copy of the foregoing **ANSWER OF DEFENDANT GRISHAM FARM PRODUCTS, INC.** to be served upon the following counsel of record via ECF filing and U.S. Mail, postage prepaid, on August 24, 2015:

Clark H. Cole
Cynthia M. Juedemann
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105

/s/Joseph L. Johnson
Joseph L. Johnson