UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 6:15-cv-3355-JTM<br>) |
| GRISHAM FARM PRODUCTS, INC., | )<br>)<br>) |
| Defendant. | ) |

## MOTION FOR DEFAULT JUDGMENT

Plaintiff Great American Alliance Insurance Company ("Great American"), pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, moves this Court for a default judgment against Defendant Grisham Farm Products, Inc. ("Grisham") as a sanction for non-compliance with this Court's Order dated October 20, 2016. ECF Doc. No. 21. In support, Great American states as follows:

1. On September 28, 2016, Great American filed a motion seeking extension of certain dates in the Court's Scheduling and Trial Order. ECF Doc. No. 20.

2. As set forth in that motion, on August 24, 2016, Grisham's counsel called Great American's counsel and indicated that Grisham would be filing bankruptcy within a week. Grisham's counsel therefore suggested that further discovery was unnecessary. Based on that representation and subsequent communications confirming it, despite approaching deadlines in the Scheduling Order, Great American refrained from actively pursuing discovery. *See id.*

3. No bankruptcy filing was forthcoming. After Great American's counsel undertook extensive but unsuccessful attempts to communicate with Grisham's counsel over the course of the next month, and when the deadlines in the Scheduling Order were imminent, Great

American sought an extension of the deadlines for the close of discovery and for filing non-dispositive motions (through November 1, 2016) and the deadline for filing dispositive motions (through December 1, 2016) in order to preserve its ability to conduct meaningful discovery and prepare for trial in the event Grisham did not, in fact, file bankruptcy, as promised. *See id.*

4. On October 20, 2016, the Court granted the requested extensions and ordered Grisham to file a status report within ten days (by October 31, 2016) regarding the status of any anticipated bankruptcy filing. *See* ECF Doc. No. 21.

5. However, the Court cautioned that it "expect[ed] the parties to proceed with the discovery process and progression to trial as set forth in the Scheduling and Trial Order as modified by this Order." *Id.*

6. Accordingly, on the same date the Order was entered, Great American's counsel called Grisham's counsel, Joseph L. Johnson, to discuss proceeding with discovery. In that call, Great American's counsel noted that the deadline for the close of discovery (November 1, 2016, pursuant to the extension granted by the Court in the Order) would fall only one day after Grisham's status report to the Court was due. Mr. Johnson again communicated that Grisham would be filing bankruptcy. Great American's counsel stated that she understood, but that if bankruptcy had not been filed by week's end, counsel would have to discuss proceeding with discovery.

7. Grisham had not filed bankruptcy by the following Monday, October 24, 2016. Great American's counsel therefore sent email correspondence to Mr. Johnson requesting available dates for the deposition of a corporate representative of Grisham before November 1, 2016 or, alternatively, Grisham's agreement to permit Great American to take that deposition after the close of discovery. That email also set out the topics for which Great American sought

2

corporate representative testimony. A true and accurate copy of the email correspondence from Great American's counsel, Cynthia M. Juedemann, to Mr. Johnson is attached and incorporated by reference in this Motion as Exhibit A.

8. Mr. Johnson responded to that email, agreeing that the deposition of Grisham's corporate representative could be taken after November 1, 2016 and stating, "I did learn this morning from bankruptcy counsel that he intends to file by Friday [October 28, 2016]." A true and accurate copy of the email correspondence between Ms. Juedemann and Mr. Johnson is attached and incorporated by reference in this Motion as Exhibit B.

9. Ms. Juedemann responded that she would follow up regarding available dates for the deposition on Monday, October 31, 2016 if Grisham had not filed bankruptcy by then. *See* Ex. B.

10. On October 28, 2016, in accordance with the Court's Order of October 20, 2016, Grisham filed a status report with the Court. ECF Doc. No. 22.

11. In that report, Grisham noted that it had hired bankruptcy counsel and stated, "It is anticipated that the bankruptcy proceeding will be filed no later than November 1, 2016." *Id.* Grisham further stated that its corporate representative's deposition "will be taken expeditiously in the event the bankruptcy is not filed by November 1." *Id.*

12. Grisham did not file bankruptcy by November 1, 2016.

13. On November 2, 2016, Ms. Juedemann therefore sent email correspondence to Mr. Johnson again requesting dates for the deposition of Grisham's corporate representative. Ex. B.

14. Upon receiving an automatic reply to that email indicating that Mr. Johnson was out of the office until November 7, 2016, Ms. Juedemann contacted Mr. Johnson's assistant and

3

asked that the message be relayed to him. A true and accurate copy of the email correspondence between Ms. Juedemann and Mr. Johnson's assistant is attached and incorporated by reference in this Motion as Exhibit C.

15. Mr. Johnson's assistant replied that she had forwarded the email to Mr. Johnson. *See* Ex. C.

16. After receiving no response from Mr. Johnson, at close of business on November 3, 2016, Ms. Juedemann sent follow-up email correspondence noting that she had received an automatic reply indicating he was out of the office until November 7, 2016. Ms. Juedemann requested that Mr. Johnson respond with available dates for the deposition of Grisham's corporate representative by close of business on November 8, 2016, citing the upcoming dispositive motion deadline (December 1, 2016) and noting it was important for that reason to promptly schedule the deposition, as agreed. A true and accurate copy of the email correspondence from Ms. Juedemann to Mr. Johnson is attached and incorporated by reference in this Motion as Exhibit D.

17. Mr. Johnson did not respond to that email by close of business on November 8, 2016.

18. Mr. Johnson has not, to date, responded to that email, provided Ms. Juedemann with dates for the deposition of Grisham's corporate representative, or otherwise contacted Ms. Juedemann regarding her requests.

19. Great American is once again faced with upcoming deadlines in the Court's Scheduling and Trial Order and complete silence from Grisham despite repeated attempts at communication.

20. In its Order of October 20, 2016, this Court specifically instructed the parties that it "expect[ed] [them] to proceed with the discovery process and progression to trial as set forth in the Scheduling and Trial Order as modified by [the] Order." ECF Doc. No. 21.

21. Grisham has disobeyed that Order by failing to respond to Great American's requests for dates for the deposition of Grisham's corporate representative – both after its express agreement that the deposition could be taken after November 1, 2016, *see* Ex. B, and its representation to this Court that the deposition would "be taken expeditiously in the event the bankruptcy is not filed by November 1[, 2016]." ECF Doc. No. 22.

22. Given Grisham's history of recalcitrance, Great American requests sanctions for Grisham's failure to obey the Court's Order, as provided by Rule 37(b) of the Federal Rules of Civil Procedure, in the form of a default judgment against Grisham. Fed. R. Civ. P. 37(b)(2)(A)(vi) (stating "[i]f a party . . . fails to obey an order to provide or permit discovery . . ., the court where the action is pending may issue further just orders" including "rendering a default judgment against the disobedient party").

23. Great American requests its reasonable expenses incurred in pursuing discovery compliance from Grisham and this Motion, including attorneys' fees.

WHEREFORE, Plaintiff Great American Alliance Insurance Company respectfully requests that this Court enter a default judgment against Defendant Grisham Farm Products, Inc. for the following:

A. Damages in an amount fair and reasonable, but at least in the amount of $179,441.49, the total amount of the accounts stated in Counts I and II of Great American's Complaint (ECF Doc. No. 1);

5

Case 6:15-cv-03355-JTM   Document 23   Filed 11/14/16   Page 5 of 7

B. A declaration that it is not liable under the large-deductible workers' compensation and employer's liability insurance policy that it issued to Grisham on or about November 1, 2013 for any payment of Claim No. 564-625193;

C. Its attorneys' fees and court costs, to be documented by Great American after the Court's ruling on this Motion; and

D. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

ARMSTRONG TEASDALE LLP


By: */s/ Cynthia M. Juedemann*
  Clark H. Cole      #28668
  Cynthia M. Juedemann   #63921
  7700 Forsyth Blvd., Suite 1800
  St. Louis, Missouri 63105
  Telephone: 314.621.5070
  Fax: 314.621.5065
  ccole@armstrongteasdale.com
  cjuedemann@armstrongteasdale.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on November 14, 2016, a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following:

Joseph L. Johnson
Joshua Christensen
Lathrop & Gage LLP
910 E. St. Louis St., Suite 100
Springfield, Missouri 65806-2523
jjohnson@lathropgage.com
jchristensen@lathropgage.com

ATTORNEYS FOR DEFENDANT

                                                                      */s/ Cynthia M. Juedemann*